**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**WILLIAM W. BARRETT**
**DANIEL J. LAYDEN**
Williams Barrett & Wilkowski, LLP
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**MICHAEL L. CARMIN**
**GREGORY A. BULLMAN**
Andrews, Harrell, Mann, Carmin & Parker, P.C.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STARDUST DEVELOPMENT, LLC, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1305-PL-210 |
| | ) | |
| RANDY CASSADY, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Frances G. Hill, Judge
Cause No. 53C06-1101-PL-174

**December 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Plaintiff Stardust Development, LLC ("Stardust") appeals the trial court's order that certain real estate, which Stardust jointly owns with Appellee-Defendant Randy Cassady, be sold at sheriff's sale by public auction with no reserve. Stardust argues that the trial court erred in concluding that the two-thirds reserve requirement provided by Indiana Code section 34-55-4-1 does not apply to executions arising from Indiana Code section 32-17-4-2.5. On its face, Indiana Code section 34-55-4-1 applies to "any execution … except where otherwise provided by law." Finding no relevant statute excepting the execution at issue from the two-thirds requirement, we reverse the trial court's judgment and remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

Stardust and Cassady jointly own two parcels of unimproved real estate ("the Property") as tenants-in-common. On January 31, 2011, Stardust filed a complaint seeking to compel partition of the Property pursuant to Indiana Code chapter 32-17-4 ("the Partition Statute"). Via his answer on March 11, 2011, Cassady also requested that the Property be partitioned. The trial court referred the matter to mediation but the parties were unable to agree on a method of sale. *See generally* Ind. Code § 32-17-4-2.5(a) (requiring mediation). The trial court then gave the parties thirty days to agree on an auctioneer, otherwise the Property would be ordered sold at sheriff's sale. *See generally* Ind. Code § 32-17-4-2.5(g)(2) (requiring sheriff's sale).

On February 13, 2013, prior to the expiration of the thirty-day period, Cassady filed

a motion and proposed order for sheriff's sale by public auction. Stardust responded in opposition to Cassady's motion, and the trial court scheduled a hearing on the matter. On the eve of the hearing, Stardust filed its own proposed order for sale by public auction. Stardust's proposed order provided for a reserve sale price of two-thirds of the Property's appraised value; Cassady's did not. Indiana Code section 34-55-4-1 ("the Reserve Statute") states, "Property shall not be sold on any execution or order of sale issued out of any court for less than two-thirds (⅔) of the appraised cash value of the property, exclusive of liens and encumbrances, except where otherwise provided by law." At the hearing on March 27, 2012, the parties argued whether the Reserve Statute applies to executions arising from the Partition Statute. The trial court concluded that it did not, and ordered the property sold at sheriff's sale by public auction with no reserve.

## DISCUSSION AND DESCISION

Stardust argues that the trial court erred in concluding that the Reserve Statute does not apply to executions arising from under the Partition Statute. We agree. Subsection 2.5(g)(2) of the Partition Statute provides, "If the parties fail to select an auctioneer … the court shall order the sheriff to sell the property in the same manner that property is sold at execution under [Indiana Code chapter] 34-55-6" ("the Execution Statute"). Again, the Reserve Statute's requirement that property not be sold for less than two-thirds of its appraised value applies to "*any execution* … except where otherwise provided by law." Ind. Code § 34-55-4-1 (emphasis added). Neither the Partition Statute, from which this execution arises, nor the Execution Statute, by which this execution is governed, provide

3

an exception to the two-thirds requirement. Therefore, absent agreement by the parties, we reverse the trial court's judgment and remand, instructing the trial court to amend its order to incorporate a reserve sale price of two-thirds of the Property's appraised value, as provided by Indiana Code section 34-55-4-1. Cassady concedes to this relief without argument.[1]

The judgment of the trial court is reversed and remanded with instructions.

MATHIAS, J., and PYLE, J. concur.

---

[1] On September 9, 2013, Cassady filed a motion to dismiss Stardust's appeal as moot, asserting he had stipulated to the two-thirds requirement before the trial court. On December 9, 2013, Stardust filed a motion to voluntarily dismiss its appeal, without Cassady's stipulation, asserting that Stardust and Cassady had resolved their differences with respect to the issue on appeal and taken action to sell the Property without the necessity of the trial court's sale order process. Given our holding in this case, which allows for an agreed resolution by the parties, we deny both parties' motions as moot.